# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| 611 CARPENTER LLC,<br>*Plaintiff*<br><br>v.<br><br>ATLANTIC CASUALTY INSURANCE COMPANY,<br>*Defendant* | §<br>§<br>§<br>§<br>§  Case No. 1:23-CV-00867-DII<br>§<br>§<br>§<br>§ |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:  THE HONORABLE UNITED STATES DISTRICT COURT**

Now before the Court are Atlantic Casualty Insurance Company's Opposed Motion to Preclude Plaintiff's Claims for Attorneys' Fees Pursuant to the Insurance Code, filed September 1, 2023 (Dkt. 8); Plaintiff's Response, filed September 14, 2023 (Dkt. 10); and Atlantic Casualty Insurance Company's Reply, filed September 20, 2023 (Dkt. 11). By Text Order entered October 12, 2023, the District Court referred Defendant's motion to this Magistrate Judge for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.  Background

611 Carpenter LLC ("Carpenter"), a Texas limited liability company, brings this insurance coverage lawsuit against its insurer, Atlantic Casualty Insurance Company ("Atlantic"), a North Carolina corporation. Plaintiff's Original Petition, Dkt. 1-1 at 7-20 ("Petition").[1]

---

[1] Capenter has filed a substantially similar suit against Atlantic based on a separate insurance claim alleging damage from a different storm occurring on March 24, 2021. *See* No. 23-cv-00823-DII. Atlantic has also filed a similar motion to preclude in that case, which this Court addresses in a separate Report and Recommendation.

1

Carpenter owns commercial property at 611 Carpenter Avenue, Austin, Texas 78753 ("Property"). *Id.* ¶ 7. On August 8, 2020, Carpenter bought a commercial general liability property insurance policy (Policy No. M226000709-0) from Atlantic ("Policy"), which provided property damage coverage to the Property for the policy period August 3, 2020 to August 3, 2021. Dkt. 8-1 at 8-104. Carpenter alleges that Atlantic "represented to Plaintiff that the Policy included hail and windstorm" coverage. Petition ¶ 8. Carpenter alleges that on February 19, 2021, "the Property sustained extensive damage resulting from a severe storm that passed through the Austin, Texas area." *Id.* Carpenter alleges that the building's roof, counter flashings, exhaust caps, digital satellite system, and a drain cover were all damaged. *Id.* ¶ 13.

Carpenter alleges that it suffered $1,452,927.39 in damages to the Property and "[i]n the aftermath of the hail and windstorm" submitted an insurance claim (Claim No. 01-TX-001969) to Atlantic. *Id.* ¶ 9. After inspecting the Property, Atlantic estimated the damages to the Property to be $1,026,175.03. *Id.* ¶ 11. Carpenter alleges that Atlantic "conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs." *Id.* ¶ 12. Carpenter alleges that Atlantic has "refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage." *Id.* ¶ 13.

On February 15, 2023, Carpenter sent Atlantic a demand letter ("Demand Letter") accusing Atlantic of unfair settlement practices and requesting $5,245,067.88 to settle the claim. Dkt. 8-1 at 4-7. Atlantic did not pay, and on June 22, 2023, Carpenter filed this suit in Travis County District Court, alleging breach of contract, common law bad faith, and violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code. *611 Carpenter LLC v. Atlantic Ins. Co.* Cause No. D-1-GN-23-003296 (126th Dist. Ct. Travis County, Tex. June 22, 2023). Carpenter seeks $1,452,927.39 in actual damages, plus exemplary damages and attorneys' fees. On July 27, 2023,

Atlantic removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(a).[2] Atlantic now moves to preclude Carpenter's claim for attorneys' fees, contending that Carpenter's Demand Letter fails to satisfy the notice requirements of Section 542A.003 of the Texas Insurance Code. Dkt. 8.

## II.   Analysis

Section 542A.003 of the Texas Insurance Code requires that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person." TEX. INS. CODE § 542A.003(a) (West 2017). If the claimant fails to provide sufficient notice, then the court "may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court." TEX. INS. CODE § 542A.007(d) (West 2017). A party entitled to notice, but which did not receive such notice, must move to preclude attorney's fees within 30 days after the date the defendant files an original answer. *Id.*

Atlantic argues that the Court is precluded from awarding Carpenter any attorneys' fees after the filing date of this Motion because Carpenter's Demand Letter violates Section 542A.003's notice requirements. Carpenter argues that Atlantic's Motion to Preclude should be denied because the notice requirements do not apply and, even if they did, its Demand Letter satisfied those requirements.

### A. The Notice Requirements Apply

Section 542A.003's notice requirements apply to any first-party property claim that "arises from damage to or loss of covered property caused, wholly or partly, by forces of nature, including

---

[2] There is complete diversity of citizenship because Atlantic is a North Carolina citizen and Carpenter's only member, Giby Parackal, is a Texas citizen. Dkt. 1 at 4-5. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023) ("For limited liability companies, § 1332 citizenship is determined by the citizenship of 'all of its members.'").

an earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm." TEX. INS. CODE § 542A.001(2)(c) (West 2017). Carpenter argues that "Texas Insurance Code Section 542A does not apply to the claim made the basis of this suit because the claim made the basis of this suit was a water loss claim due to broken pipes." Dkt. 10 at 1.[3] Carpenter contends that because Section 542A.003 only applies to claims that result from a "force of nature" and it does not include the word "broken pipes" or "freeze" in the examples of "forces of nature," the statute does not apply to its claim. *Id.* at 2. Carpenter argues that:

> Plaintiff's damages were not caused by a "force of nature" but rather by lowering of temperature. No force was exerted on Plaintiff's property by nature. Rather, the temperature went down and when it went back up pipes burst and caused damages. As such, this case is not controlled by Texas Insurance Code Section 542A.

*Id.* But Carpenter disregards the clear terms of the statute and its own pleadings.

The Fifth Circuit has stated that Section 542A.003 "applies to all weather-related lawsuits that were filed after September 1, 2017." *Rodriguez v. Safeco Ins. Co. of Indiana*, 73 F.4th 352, 354 n.3 (5th Cir. 2023), *certified question on other grounds accepted* (July 21, 2023); *see also Jada Rest. Grp., LLC v. Acadia Ins.,* No. SA-20-CV-00807-XR, 2020 WL 5362071, at *3 (W.D. Tex. Sept. 8, 2020) ("[T]he legislative history demonstrates that the Texas Legislature was concerned with weather and similar natural phenomena when it enacted Chapter 542A."); *Kester v. State Farm Lloyds*, No. 02-22-00267-CV, 2023 WL 4359790, at *3 (Tex. App.—Fort Worth July 6, 2023, no pet. h.) ("Special TPPCA provisions added in 2017 as Chapter 542A deal with weather-related claims for property damage and limit what insureds can recover.").

Carpenter's suit arises from a weather-related event. Carpenter clearly and unequivocally alleges in its Petition that "the Property sustained extensive damage resulting from a severe storm

---

[3] Notably, Carpenter does not mention "broken pipes" in its Petition, referring only to damage to the exterior of the building.

4

that passed through the Austin, Texas area" on February 19, 2021. Petition ¶ 8. Similarly, Carpenter's Demand Letter states that "the insured's premises suffered damage as a result of the catastrophic freeze experienced in the Austin, Texas area during the policy period." Dkt. 8-1 at 4. Carpenter's Petition identifies only damage to the roof of the Property and "additional exterior damage," including damage to "counter flashings, exhaust caps, digital satellite system, [and] drain cover." Petition ¶ 13. While the Demand Letter references additional damage to the interior of the buildings, it specifically states that such damage was "freeze related damage." Dkt. 8-1 at 4. Despite the mistaken arguments in its Response, Carpenter's insurance claim thus clearly "arises from damage to or loss of covered property caused, wholly or partly, by forces of nature, including . . . hail, wind . . . or a rainstorm." TEX. INS. CODE § 542A.001(2)(c) (West 2017). Accordingly, Section 542A.003's notice requirements apply.

### B. The Demand Letter Complies with Texas Insurance Code Section 542A.003

Section 542A.003(b) requires the "notice" to the insurer to include:

(1) a statement of the acts or omissions giving rise to the claim;

(2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

In addition, if an attorney gives the notice on behalf of the claimant, the attorney must "(1) provide a copy of the notice to the claimant; and (2) include in the notice a statement that a copy of the notice was provided to the claimant." *Id.* § 542A.003(c). The notice requirement is intended to "'discourage litigation and encourage settlements of consumer complaints,' by allowing the

5

defendant-insurer a right and opportunity to make a settlement offer." *Perrett v. Allstate Ins.,* 354 F. Supp. 3d 755, 757 (S.D. Tex. 2018) (quoting *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)).

The Court finds that the Demand Letter complied with all the statutory requirements of Section 542A.003.

Atlantic first argues that Carpenter's Demand Letter violates Section 542A.003(b)(1) because it failed to give notice to Atlantic "of the acts or omissions giving rise to the claim." Dkt. 8 at 5 (quoting § 542A.003(b)(1)). This argument is frivolous. "Notice letters with specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice requirement." *Perrett*, 354 F. Supp. 3d at 758. The Demand Letter satisfies this requirement. It states, in relevant part:

> This firm has been retained by 611 Carpenter LLC in a claim for benefits and protections afforded by your policy of insurance and to enforce our client's rights under the law. As a step in the process, we are informing you that in handling the insured's claim under the insurance policy, you committed several acts and/or omissions that were unfair, deceptive, and in violation of Texas Insurance Code Title 5 Subtitle C, as we will describe in further detail in this letter. This letter is intended to comply with our clients' obligations to provide notice under the Deceptive Trade Practices Act and Texas Insurance Code Chapters 541 and 542A and any other applicable statute requiring advance notice of suit.
>
> As you know, from our client having previously notified you of the facts giving rise to the loss, and from the claim having been properly and timely submitted to you, the insured's premises suffered damage as a result of the catastrophic freeze experienced in the Austin, Texas area during the policy period. You assigned this claim a date of loss of February 19, 2021. Following receipt of the claim, you engaged in the following unfair settlement practices:
>
> 1) You have refused to pay this claim without conducting a reasonable investigation of the claim. The insured property has extensive and obvious freeze related damage to the interior of our clients home . . . and the payments afforded were grossly deficient. You have also not afforded appropriate coverage for contents damages and Additional Living Expenses despite requests being made for same.

    2) You failed to provide promptly to the insured a reasonable explanation of the factual and legal basis in the policy for denial/underpayment of the claim. You and/or your agent(s) made, directly or indirectly causing to be made, an assertion, representation, or statement with respect to insurance that was untrue, deceptive, or misleading.

    3) You failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim when liability has become clear.

Dkt. 8-1 at 4-5. The Court finds these allegations sufficient to apprise Atlantic of the acts or omissions giving rise to Carpenter's claims. *See Perrett*, 354 F. Supp. 3d at 758.

Next, Atlantic argues that Capenter "failed to provide the specific amount owed in its letter" and merely "outlines placeholder sums" and gives an "estimate" of damages. Dkt. 8 at 6. As to the amount of damages sought, the Demand Letter states:

> Based on the information now available to us, and for the purposes of this notice, we estimate the damages and expenses are as follows:
>
> 1) $1,452,927.39 for the replacement cost value of the damaged property, plus any Additional Living Expenses incurred/estimated for during the repairs, less the deductible, prior payments and policy provisions governing the payment of replacement cost;
>
> 2) $523,053.86 in Interest that applies to this loss as per Texas Insurance Code;
>
> 3) $3,265,991.63 for damages, including mental anguish; and
>
> 4) $3,095.00 as reasonable and necessary attorney's fees (calculated by multiplying the number of hours actually worked by an hourly rate that is customary for similar legal services as reflected in contemporaneously kept time records) for time expended to date in assisting our client in this matter.
>
> We reserve the right to adjust these amounts to conform to the information and evidence that may be available to us at the time of trial if litigation becomes necessary.
>
> Should this matter proceed to litigation, we shall request the trier of fact to compensate Plaintiff $5,245,067.88 which represents the total amount in controversy at this time.

Dkt. 8-1 at 5-6. Because the Demand Letter "includes a specific dollar amount," the specific amount alleged to be owed requirement has been satisfied. *Koncak v. Am. Sec. Ins.,* No. 3:22-CV-1160-G, 2023 WL 51035, at *2 (N.D. Tex. Jan. 3, 2023). "The statutory language does not mandate that the notice letter contain a fixed and final total dollar sum allegedly owed by the insurer." *Combs v. Allstate Tex. Lloyd's*, No. 4:23-CV-02901, 2023 WL 8237268, at *2 (S.D. Tex. Nov. 27, 2023). Thus, even if the Demand Letter's "specific amount were an estimate," as Atlantic contends, "that does not render the notice invalid under section 542A.003(b) because the letter alleges an amount to be owed." *Koncak*, 2023 WL 51035, at *2.

Atlantic also argues that the Demand Letter "failed to provide the calculation of attorneys' fees 'by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.'" Dkt. 8 at 8 (quoting § 542A.003(b)(3)). While Section 542A.00(b)(3) requires attorneys' fees to be calculated this way, "it does not require that those calculations be included in the presuit notice." *Perrett*, 354 F. Supp. 3d at 758. Because the attorneys' fees were sufficiently included in the Damand Letter, Carpenter met this requirement.

Finally, Atlantic argues that the Demand Letter did not include a statement that a copy of the notice was provided to the claimant, as required by § 542A.003(c)(2). But the Demand Letter states that Carpenter had been "cc'd" on the letter. Dkt. 8-1 at 7. The Demand Letter complied with § 542A.003(c)(2).

### III. Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Atlantic Casualty Insurance Company's Opposed Motion to Preclude Plaintiff's Claims for Attorneys' Fees Pursuant to the Insurance Code (Dkt. 8).

It is **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable District Court.

### IV.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 7, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE