# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **611 CARPENTER LLC,** *Plaintiff* | § § § | |
| v. | § § | **Case Nos. 1:23-CV-00823-DII** **1:23-CV-00867-DII** |
| **ATLANTIC CASUALTY INSURANCE COMPANY,** *Defendant* | § § § | |

## ORDER

Now before the Court are Plaintiff's Opposed Motions to Compel Appraisal and to Abate the Case Pending Appraisal Outcome, filed February 28, 2024 in both above-styled cases; Defendant's Opposed Motions to Strike Objections and to Compel Discovery, filed March 13, 2024 in both cases; and the briefs in response to all four motions (no reply briefs were filed).[1] The Court held a hearing on the motions on May 15, 2024, at which counsel for both parties were present.

For the reasons stated from the bench during the hearing:

- Plaintiff's Opposed Motion to Compel Appraisal and to Abate the Case Pending Appraisal Outcome in Case No. 1:23-cv-00823-DII (Dkt. 24) is **DENIED** as conceded.

- Defendant Atlantic Casualty Insurance Company's Opposed Motions to Strike Objections and to Compel Discovery (Dkt. 26 in Case No. 1:23-cv-00823-DII and Dkt. 27 in Case No. 1:23-cv-00867-DII) are **GRANTED**. Plaintiff is **ORDERED** to serve amended responses to Defendant Atlantic Casualty Insurance Company First Request for Production and all responsive documents by **June 7, 2024**.

The Court now addresses Plaintiff's Opposed Motion to Compel Appraisal and to Abate the Case Pending Appraisal Outcome in Case No. 1:23-cv-00867-DII (Dkt. 25). All citations below are to the docket in that case.

---

[1] By Text Orders entered April 1 and April 3, 2024, the District Court referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

## I. Background

On February 19, 2021, Plaintiff reported a claim for water damage to a property in Austin, Texas ("Property") from pipes that froze during Winter Storm Uri. Dkt. 26 at 2. Defendant paid $797,938.72 for the claim on January 14, 2022. *Id.* Plaintiff's public adjuster sent a supplemental estimate dated March 9, 2022 of $1,424,896.89, above policy limits, and demanded the remaining policy limits on March 28, 2022. *Id.* at 3. Defendant retained a reinspector, who provided an estimate significantly lower than the amount Defendant already paid. Dkt. 26-2. Plaintiff submitted a presuit notice, and Defendant again reinspected the property on April 14, 2023, when it "discovered that, among other things, the floor plan of the Property had changed significantly in the more than two years since the purported date of loss." Dkt. 26 at 3. During his examination under oath, Plaintiff's representative testified that the Property was gutted after a second freeze flooded the building in December 2022, and that nearly all insurance proceeds from the claim were used to pay the loan balance on the Property. *Id.* at 3-4.

Plaintiff filed suit in Texas state court in Travis County, Texas on June 22, 2023, and Defendant removed to this Court on the basis of diversity jurisdiction. Dkt. 1 at 4-5.

The insurance policy includes this appraisal provision:

> **2. Appraisal**
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> **a.** Pay its chosen appraiser; and
> **b.** Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we will still retain our right to deny the claim.

Dkt. 25-2.

## II.     Legal Standards

Because this case was removed on diversity grounds, the Court applies Texas substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938). The Texas Supreme Court has a "strong policy in favor of enforcing appraisal clauses in insurance contracts regardless of concerns that may exist about the scope of appraisal." *Kunkle v. Safeco Ins. Co. of Indiana*, No. 5:19-CV-1083-DAE, 2020 WL 13882195, at *6 (W.D. Tex. Aug. 7, 2020) (citation omitted). But, like any other contract term, an appraisal provision may be waived by conduct inconsistent with invocation of the provision. *Dwyer Fidelity Nat'l Prop. & Cas. Ins.*, 565 F.3d 284, 287 (5th Cir. 2009).

Appraisal clauses "are routinely invoked during litigation. Consequently, the appraisal clause may be invoked after suit, provided that the failure to do so has not amounted to waiver." *Dwyer*, 565 F.3d at 288 (citations omitted); *see also Barcelona Lofts, LLC v. Travelers Indem. Co. of Am.*, No. SA-17-CV-1048-OLG, 2018 WL 6190362, at *8 (W.D. Tex. Sept. 6, 2018) (stating that "the overwhelming majority of cases uphold the invocation of a valid appraisal clause—even during the pendency of litigation"). The appropriate waiver inquiry examines the "knowledge and action" of the party seeking appraisal: when it "knew that the appraisal clause could be invoked, whether it reacted timely to the knowledge." *Id.* at 288; *see also Stanton 4433 Owners Ass'n v. State Farm Lloyds*, No. EP-20-CV-00280-FM, 2021 WL 11680458, at *2 (W.D. Tex. Feb. 26, 2021) (stating that a court "must compel appraisal if the requesting party has not waived its right and acts within a reasonable time after the parties reach an impasse").

The party alleging waiver has the burden to show "(1) waiver by conduct of the party seeking appraisal and (2) prejudice to itself." *Castanon v. Safeco Ins. Co. of Indiana*, No 5:21-CV-00851-XR, 2022 WL 2671866, at *1 (W.D. Tex. July 8, 2022) (quoting *In re Allstate Vehicle & Prop. Ins.*, 549 S.W.3d 881, 889 (Tex. App.—Fort Worth 2018, no pet.)).

### III.     Analysis

Defendant argues that the Court should deny Plaintiff's motion to compel appraisal for two reasons: coverage issues are not for appraisal, and Plaintiff's intentional acts waived appraisal.

### A. Coverage

Defendant first argues that appraisal is inappropriate because this is a coverage dispute. Dkt. 26 at 5 ("The issue in this case is not about a disagreement of value or amount: it is about scope and coverage.").

> But the Texas Supreme Court has made clear that an insured cannot avoid appraisal because there might be a coverage or causation question that exceeds the scope of appraisal. The court explained that an appraiser can decide the amount of loss without deciding questions of coverage or liability, although the specific questions for the appraiser could vary . . . .

*Glenbrook Patiohome, Owners Ass'n v. Lexington Ins.,* No. H-10-2929, 2011 WL 666517, at *6 (S.D. Tex. Feb. 14, 2011) (citing *State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 895 (Tex. 2009)). The Court is not persuaded by Defendant's first argument.

### B. Waiver

Defendant also argues that Plaintiff waived its right to invoke appraisal through unreasonable delay, causing Defendant to incur significant litigation costs and expenses. Waiver of an appraisal clause occurs if: (1) the parties reached an "impasse"; (2) after the impasse, one party unreasonably delayed seeking an appraisal; and (3) that party's delay was prejudicial. *Village at Woodlake Country Club Homeowners Ass'n v. Ohio Sec. Ins.,* No. SA-23-CV-00196-FB, 2024 WL 502317, at *1 (W.D. Tex. Jan. 26, 2024).

Reasonableness must be measured from the point of impasse. *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 408 (Tex. 2011). Parties reach an impasse "when there is a breakdown of good-faith negotiations." *Castanon*, 2022 WL 2671866, at *2; *see also Be Rios, Ltd. v.*

4

*Nationwide Prop. & Cas. Ins.,* No. 5:18-cv-01297-OLG, 2020 WL 6123129, at *2 (W.D. Tex. Jun. 12, 2020) ("To determine whether the delay was unreasonable, the Court must first identify the negotiation's point of impasse, or when there is a mutual understanding that neither party will negotiate further on the amount of loss.") (cleaned up).

Defendant issued its final payment on January 14, 2022; Plaintiff filed suit on June 22, 2023; and the parties "conducted settlement talks prior to, and during, the final formal mediation on December 4, 2023." Dkt. 25 at 4. Plaintiff contends that it did not delay unreasonably by invoking appraisal on December 11, 2023, one week after the failed mediation. Dkt. 25-1. Defendant responds that the parties hit "an undeniable impasse" nearly six months earlier, when Plaintiff filed suit in June 2023. Dkt. 26 at 10.

Defendant correctly cites cases from other courts for the proposition that an insured's filing of a lawsuit is evidence of an impasse, *Skypac Corp. v. Great Lakes Reinsurance (UK) SE*, No. 1:16-CV-115, 2016 WL 9414096, at *2 (E.D. Tex. Dec. 16, 2016), and that an impasse can exist despite continuing efforts at resolution, including mediation, *JNH Holding, Inc. v. Nationwide Prop. & Cas. Ins.,* No. 4:16-CV-00866, 2017 WL 10191090, at *2 (E.D. Tex. Sept. 18, 2017). But that analysis is incomplete. Parties do not reach an impasse until there is "a mutual understanding that neither will negotiate further." *Id.* (quoting *Universal Underwriters*, 345 S.W.3d at 410).

On the facts presented, when it is undisputed that settlement talks continued and the parties engaged in a formal mediation more than five months after Plaintiff filed suit, the Court agrees with Plaintiff that the failure of mediation marks the point of impasse. *Be Rios*, 2020 WL 6123129, at *2; *see also Judson Post No. 2059, Veterans of Foreign Wars v. Phil. Indem. Ins.,* No. SA-18-CV-00609-XR, 2019 WL 4261126, at *6 (W.D. Tex. Sept. 9, 2019) (finding that point of impasse occurred seventeen months into litigation, when last settlement discussions failed).

Having found that December 4, 2023 marked the point of impasse, the Court finds that Plaintiff did not unreasonably delay by demanding appraisal one week later.[2]

## IV.   Stay

Plaintiff also asks the Court to abate this proceedings until the appraisal process is completed. The Court has discretion over the timing of appraisal. *Coleman v. AmGuard Ins.*, --- F. Supp. 3d ----, No. 4:22-cv-03442, 2023 WL 9052250, at *1 (S.D. Tex. Dec. 28, 2023).

Defendant argues – and Plaintiff does not contest – that appraisal will not resolve all issues in this litigation because coverage is disputed. Plaintiff thus does not show that a stay is appropriate. *Morrissey v. Northfield Ins.*, No. 5:10-CV-102, 2011 WL 13220640, at *3 (E.D. Tex. May 12, 2011). Because almost six months remain for discovery and trial is not set for more than a year, the Court finds that the Scheduling Order permits sufficient time for appraisal. Dkt. 18.

## V.   Conclusion

For these reasons, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Opposed Motion to Compel Appraisal and to Abate the Case Pending Appraisal Outcome in Case No. 1:23-cv-00867-DII (Dkt. 25). The Court **COMPELS** the parties to appraisal in accordance with the Policy and **DENIES** Plaintiff's request to stay litigation.

It is **ORDERED** that the Clerk **REMOVE** these cases from this Magistrate Judge's docket and **RETURN** them to the Honorable District Court.

**SIGNED** on May 20, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[2] Because Defendant has not met its burden to show waiver, the Court need not address prejudice.